**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| SMARTSCIENCE LABORATORI ES, INC., | Case No. 8:19-bk-08468-CPM |
| Debtor | Chapter 11 |
| _____/ | |

**DEBTOR'S EMERGENCY MOTION FOR (1) AUTHORITY TO CONTINUE USE OF EXISTING BUSINESS FORMS AND RECORDS; (2) AUTHORITY TO MAINTAIN EXISTING CORPORATE BANK ACCOUNT AND CASH MANAGEMENT**
(Emergency hearing requested before September 11, 2019)

**STATEMENT OF EXIGENT CIRCUMSTANCES**

The Debtor, SMARTSCIENCE LABORATORIES, INC. (the "Debtor") maintains operating bank accounts at:

JP Morgan Chase
4890 Ridgemoor Blvd,
Palm Harbor FL 34685
Account # ending in xxx6093 & xxx0261

The accounts were frozen September 5, 2019 due to action of creditor Internal Revenue Service by levy (See Attached Exhibit A). The accounts automatically receive significant payments from the Debtor's customers. The United States Trustee Guidelines require the closing of all pre-petition bank accounts and the establishment of new DIP accounts. Changing the Debtor's existing bank accounts immediately would severely disrupt the Debtor's cash management system, adversely affect the Debtor's business, and jeopardize ongoing operation of the business. Direct, immediate, and substantial harm will occur to the interest of an entity in property, to the bankruptcy estate, or to the Debtor's ability to reorganize if the parties are not able to obtain an immediate resolution of any dispute. Local Rule 2081-1.

Customers are attempting to wire funds into the Chase Account for accounts payable owed to the Debtor, and payroll is due on the 15th of September 2019. The Debtor is pharmaceutical company that operates its laboratory in Tampa, Florida. The Debtor requests (a) to maintain its pre-petition savings account ending in xxx 0261 used for payroll; (b) to maintain its pre-petition operating account for a period of thirty (30) days. The existing banks are authorized depositories by this Honorable Court. The US Trustee will be consulted as to the contemplated procedure. The Debtor reasonably believes that a hearing to consider the relief requested must be held before September 11, 2019, as payroll is due on September 15th, or as soon as the Court's calendar will permit to avoid immediate harm to the ongoing operation of the business and in the best interest of creditors and the Estate.

## INTRODUCTION

1. The Debtor, by and through undersigned counsel, pursuant to 11 U.S.C. §§ 105(a) and 345, and Rule 2081-1, files this *Debtor's Emergency Motion (1) for Authority to Continue Use of Existing Business Forms and Records and (2) for Authority to Maintain Existing Corporate Bank Accounts and Cash Management System* (the "Motion"). The Motion seeks (i) authority to continue use of existing business forms and records, (ii) authority to maintain existing corporate bank accounts and cash management system, and respectfully represent the following:

## JURISDICTION

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

5. On September 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The Debtor is operating its business and managing its affairs as a debtor in possession. 11 U.S.C. §§ 1107(a) and 1108.

6. No trustee, or examiner or committee has been appointed in this Chapter 11 case.

7. The Debtor is a pharmaceutical company managing one location in Tampa, Florida. The Debtor employs approximately 19 employees.

## RELIEF REQUESTED AND BASIS THEREFOR

8. By this Motion, the Debtor respectfully requests the entry of an order (a) to maintain its pre-petition savings account for payroll purposes for a period of thirty (30) days; (b) to maintain its operating accounts for a period of thirty (30) days, and to permit payroll and other checks to be cleared from the Suntrust account. The Office of the United States Trustee has established certain operating guidelines for debtors-in-possession in order to supervise the administration of Chapter 11 cases.

9. These guidelines require Chapter 11 debtors to, among other things, close all existing bank accounts and open new debtor-in-possession ("DIP") bank accounts in certain financial institutions designate as authorized depositories by the U.S. Trustee, establish one DIP account for all estate monies required for the payment of taxes (including payroll taxes), maintain a separate DIP account for cash collateral, and obtain checks for all DIP accounts that bear the designation, "debtor-in-possession," the bankruptcy case number, and the type of account. The guidelines also require debtors to close their books and records as of the petition date and to open new books and records. These requirements are designed to

provide a clear line of demarcation between pre-petition and post-petition transactions and operations and to prevent the inadvertent post-petition payment of pre-petition claims. Through this Motion, the Debtor seeks relief from these requirements. *See* Local Rule 2081-1. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Extensive authority supports the relief the Debtor seeks in the Motion.

10. In other Chapter 11 cases, courts have recognized that strict enforcement of the United States Trustee requirements does not always serve the purposes of a Chapter

11. Accordingly, courts, including courts from this district, have often granted relief from these requirements and replaced them with alternative procedures. *See, e.g., In re Gemini Air Cargo Logistics, Inc.* Case No. 06-10780-BKC-AJC (Bankr. S.D. Fla. Mar. 20, 2006) (Order Granting Debtors' Emergency Motion For Order (1) Authorizing Continued Use Of Existing Business Forms And Records; (2) Authorizing Maintenance Of Existing Corporate Bank Accounts And Cash Management System; And (3) Extending Time To Comply With 11 U.S.C. § 345 Investment Guidelines); *In re Fine Air Serv., Corp.*, Chapter 11 Case No. 00-18671-75 (Bankr. S.D. Fla. Feb. 7, 2001) (Order Granting Debtor's Emergency Motion for Order Authorizing (a) Continued Use of Existing Bank Accounts and Business Forms and (b) Maintenance of Cash- Management System); *In re Kitty Hawk, Inc.*, Case No. 400-42141-BJH (Bankr. N.D. Tex. May 3, 2000) (Order Granting Motion for Order (1) Authorizing Continued Use of Existing Business Forms and Records; (2) Authorizing Maintenance of Existing Corporate Bank Accounts and Cash Management System; and (3) Extending Time to Comply with 11 U.S.C. § 345 Investment Guidelines);

*In re UAL Corp.,* Chapter 11 Case No. 02-B-48191 (Bankr. N.D. Ill., Dec. 9, 2002) (Order Pursuant to Sections 363, 364, 1107, and 1108 of the Bankruptcy Code (a) Authorizing (I) Continue Use of Existing Cash Management System, (II) Maintenance of Existing Bank Accounts, (III) Continued Use of Existing Business Forms, and (IV) Continued Use of Existing Investment Guidelines; and (b) According Superpriority Status to Certain Intercompany Claims); *In re Atlas Air Worldwide Holdings, Inc.*, Chapter 11 Case No. 04-10792-BKC-RAM (Bankr. S.D. Fla. March 26, 2004) (Final Order Granting Debtors' Emergency Motion for Order (1) Authorizing Continued Use of Existing Business Forms and Records; (2) Authorizing Maintenance of Existing Corporate Bank Accounts and Cash Management Systems; and (3) Extending Time to Comply with 11 U.S.C. § 345 Investment Guidelines); *In re Trans World Airlines, Inc.*, Case No. 92-115 (Bankr. D. Del. Jan. 31, 1992) (Order Authorizing Maintenance and Use of Existing Bank Accounts Located Within the United States, Use of Existing Business Forms and Use of Investment and Deposit Guidelines);.

12. The Debtor respectfully requests authority to maintain its existing Bank Accounts (each a "Bank Account" or "Account" and collectively, the "Bank Accounts" or "Accounts") and cash management systems (each a "Cash Management System" and collectively, the "Cash Management Systems") in accordance with its usual and customary practices to ensure a smooth transition into Chapter 11 with minimal disruption to operations.

13. The Debtor also requests authority to close any of the Bank Accounts if, in the exercise of their business judgment, the Debtor determines that such action is in the best interest of its estate. The Debtor shall only use its pre-petition operating account to receive deposits and shall transfer any funds therein to a newly-established debtor-in-possession account, which

shall be used for all other transactions in accordance with the United States Trustee requirements.

14. In addition, the Debtor will instruct its banks to add the designation, "Debtor-in-Possession" or "DIP" to their current and any future Accounts with each such bank, will treat the Accounts for all purposes as Accounts of the Debtor as DIPs, and will maintain records that recognize the distinction between pre-petition and post-petition transfers.

15. The Debtor's estate and its creditors will not be harmed by the Debtor's maintenance of the status quo because of the relatively safe and prudent deposit guidelines already utilized by the Debtor.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order, in the form attached hereto as **Exhibit A**, (i) granting the Motion; (ii) authorizing the maintenance of the Debtor's existing Bank Accounts and Cash Management Systems, (iii) authorizing the Debtor to clear payroll; and (iv) granting such other and further relief which is fair and just.

### CERTIFICATE OF SERVICE

**I hereby certify** that on, a true and correct copy of the foregoing was served upon all parties in interest, unless said party is a registered CM/ECF participant who haCertificates consented to electronic notice, and the notice of electronic filing indicates that notice was electronically mailed to said parties.

By: /s/ Niurka Fernandez Asmer, Esquire
NIURKA FERNANDEZ ASMER, ESQ.
Florida Bar Number: 370680
FL Legal Group
2700 W. Dr. MLK, Jr. Blvd., Ste. 400
Tampa, FL 33607
Phone: (813) 221-9500
E-Mail: NAsmer@FLLegalGroup.com

**EXHIBIT "A"**
**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

SMARTSCIENCE LABORATORIES, INC.,       Case No. 8:19-bk-08468-CPM
           Debtor                                     Chapter 11
_____/

**ORDER GRANTING**
**DEBTOR'S EMERGENCY MOTION FOR (1) AUTHORITY TO CONTINUE USE OF**
**EXISTING BUSINESS FORMS AND RECORDS; (2) AUTHORITY TO MAINTAIN**
**EXISTING CORPORATE BANK ACCOUNTS AND CASH MANAGEMENT**

      **THIS MATTER** came before the Court, upon the *Debtor's Emergency Motion For*

*(1)Authority To Continue Use Of Existing Business Forms And Records; (2) Authority To Maintain*

*Existing Corporate Bank Accounts And Cash Management;* (the "Motion") (C.P. No. _____) filed

by the above-captioned debtor-in possession (the "Debtor"). The Motion seeks authorization to

continue using existing business forms and records, maintain existing bank accounts and cash management systems, and to clear pre-petition payroll and insurance checks.

The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interest of the Debtor, its estate, and its creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Accordingly, it is **ORDERED** that:

1. The Motion is **GRANTED** *nunc pro tunc* to the Petition Date.
2. The Debtor is authorized and empowered to continue to manage its cash pursuant to the Cash Management Systems when needed and in the amounts necessary or appropriate to maintain its operations.
3. The Debtor is directed to maintain records of all transfers within the Cash Management Systems and transactions shall be adequately and promptly documented in, and readily ascertainable from, its books and records, to the same extent maintained by the Debtor prior to the commencement of this Chapter 11 case.
4. The Debtor is authorized to (i) designate, maintain, and continue to use any or all of its existing Bank Accounts, in the names and with the account numbers existing immediately prior to the commencement of its Chapter 11 case; (ii) deposit funds in such Bank Accounts by all usual means including, without limitation, checks, wire transfers, automated transfers, and other debits; and (iii) treat its pre-petition Bank Accounts for all purposes as debtor in possession accounts to clear pre-petition checks and payroll.

5. The Debtor shall not close its existing accounts but shall arrange to sweep into a DIP account no later than thirty (30) days after the Petition Date.

6. The Debtor shall only use its pre-petition operating accounts to receive deposits and shall transfer any funds therein to a newly-established debtor-in-possession account, which shall be used for all other transactions in accordance with the United States Trustee requirements

7. Nothing contained herein shall prevent the Debtor from opening new bank accounts or closing any existing bank accounts as it may deem necessary and appropriate, subject to the limitations and restrictions in the Court's orders.

8. The banks with which the Debtor maintains Bank Accounts as of the commencement of this Chapter 11 case is authorized to continue to maintain, service, and administer such bank accounts, except as otherwise provided by further order of the Court.

9. The Debtor shall (i) instruct its banks to add the designation "Debtor-in-Possession" or "DIP" to its current and any future domestic Bank Accounts with each such bank; (ii) maintain records that recognize the distinction between pre-petition and post-petition transfers; and (iii) ensure that all Bank Accounts are adequately collateralized in accordance with the United States Trustee Guidelines. The Debtor and the institutions at which it maintains any Bank Accounts shall treat the Bank Accounts for all purposes as Bank Accounts of the Debtor as debtor-in-possession.

10. The Debtor is authorized to pay any Bank Account fee, including fees (if any) that accrued pre-petition, in the ordinary course of business.

11. The Debtor is authorized to pay checks to employees as set forth on the motion.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

SMARTSCIENCE LABORATORIES, INC.,                Case No. 8:19-bk-08468-CPM
        Debtor                                                                   Chapter 11
_____/

**CERTIFICATE OF NECESSITY OF REQUIEST FOR EMERGENCY HEARING**

      I HEREBY CERTIFY, as a member of the Bar of this Court, that I have carefully examined the matter under consideration and to the best of my knowledge, information and belief formed after reasonable inquiry, all allegations are well grounded in fact and all contentions are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law can be made, that the matter under consideration is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation, direct, immediate, and substantial harm will occur to the interest of an entity in property, to the bankruptcy estate, or to the debtor's ability to reorganize if the parties are not able to obtain an immediate resolution of any dispute, and there is just cause to request a consideration of the following pleading on an emergency basis:

      I CERTIFY FURTHER that there is a true necessity for an emergency hearing, specifically, because the moving party, i.e., "the Debtor" seeks and requires a hearing as soon as possible before September 11, 2019, for the following reasons**:** Debtors bank accounts have been frozen by the IRS, and garnishing creditor since September 5, 2019, checks will bounce, a payroll is due September 15th on a biweekly basis, and without its employees and chemists, Debtor will not be able to achieve the ongoing operation of the business or reorganize.

      I CERTIFY FURTHER that the necessity of this emergency hearing has not been circumstances beyond my control or that of my client. I further certify that this motion is filed with full understanding of F.R.B.P. 9011 and the consequences of noncompliance with same.

      DATED this 9th day of September, 2019.

**CERTIFICATE OF SERVICE**

      **I hereby certify** that on, a true and correct copy of the foregoing was served upon all parties in interest, unless said party is a registered CM/ECF participant who have Certificates consented to electronic notice, and the notice of electronic filing indicates that notice was electronically mailed to said parties.

By: /s/ Niurka Fernandez Asmer, Esquire
NIURKA FERNANDEZ ASMER, ESQ.
Florida Bar Number: 370680
FL Legal Group
2700 W. Dr. MLK, Jr. Blvd., Ste. 400
Tampa, FL 33607
Phone: (813) 221-9500
E-Mail: NAsmer@FLLegalGroup.com

```
Label Matrix for local noticing        Centennial Bank                        Smartscience Laboratories, Inc.
113A-8                                  c/o Richard B. Storfer                 13760 Reptron Blvd,
Case 8:19-bk-08468-CPM                  Rice Pugatch                           Tampa, FL 33626-3040
Middle District of Florida              101 NE 3rd Avenue
Tampa                                   Suite 1800
Mon Sep  9 11:12:06 EDT 2019            Ft. Lauderdale, FL 33301-1252

Altus GTS, Inc.                         American Express                       At&T
2400 Veterans Memorial Blvd.            P.O. Box 6618                          PO Box 538695
Suite 300                               Omaha, NE 68106-0618                   Atlanta, GA 30353-8695
Kenner, LA 70062-8725


Automation                              Bell Chem Corp.                        Brian L. Besler
Personnel Services                      1340 Bennett Drive                     Sr. VP of Admin
PO Box 830941                           Longwood, FL 32750-7503                Me 2 Lease Funds LLC
Birmingham, AL 35283-0941                                                      175 Patrick Blvd., Suite 140
                                                                               Brookfield, WI 53045-5811


Buchi Corp                              (p)CENTENNIAL BANK ATTN SPECIAL ASSETS  Citus Kalix
PO BOX 822705                           P O BOX 1028                           335 Chambersbrook Rd.
Philadelphia, PA 19182-2705             CABOT AR 72023-1028                    Somerville, NJ 08876-7213



Cole-Parmer Instrument Co               Compressed Air Systems, Inc.           Consumer Product Testing Co.
13927 Collections Center Dr.            9303 Stannum Street                    70 New Dutch Lane
Chicago, IL 60693-0001                  Tampa, FL 33619-2660                   Fairfield, NJ 07004-2514



County Line Road Property, L            D&S Pallets                            Dalemark Industries, Inc.
15488 N. Nebraska Ave                   PO BOX 18019                           Excel Park 2
Lutz, FL 33549-6150                     Clearwater, FL 33762-1019              575 Prospect St.
                                                                               Lakewood, NJ 08701-5040


Darwin Chambers                         Department of Revenue                  Dickson Company
2945 Washington Ave                     PO Box 6668                            930 S. Westwood Ave
Saint Louis, MO 63103-1305              Tallahassee FL 32314-6668              Addison, IL 60101-4917



Down Under Enterprises, Inc.            Ductz of Tampa Bay                     El Ray Development, Inc.
PO BOX 72184                            3055 47th Ave N.                       C/O N. Michael Kouskoutis, E
Cleveland, OH 44192-2184                Saint Petersburg, FL 33714-3133        623 East Tarpon Avenue
                                                                               Tarpon Springs, FL 34689-4201


Electrical Masters by MJR               Experchem Laboratories, Inc.           Federal Express Corp
4418 N. Lauber Way                      1111 Flint Rd., Unit 36                PO BOX 660481
Tampa, FL 33614-7732                    Downsview, ON M3J3C7                   Dallas, TX 75266-0481



Florida Chemical Supply                 Florida Retirement Consultan           Frontier Communications
6810 E. Chelsea Street                  5503 W. Waters Ave.                    PO BOX 740407
Tampa, FL 33610-5635                    Suite 500                              Cincinnati, OH 45274-0407
                                        Tampa, FL 33634-1232
```

| | | |
|---|---|---|
| GRAINGER<br>fka Lab Safety Supply<br>DEPT 882537640<br>PO 419267<br>Kansas City, MO 64141-6267 | Gene Weitz & Lisa Weitz<br>4964 Quill Court<br>Palm Harbor, FL 34685-3699 | Global Pack Source<br>650 Bloomfield Ave,<br>Ste 102<br>Bloomfield, NJ 07003-2542 |
| Golden Eagle Extrusions<br>1762 State Road 131<br>Milford, OH 45150-2649 | Gottscho Printing Systems.In<br>P.O. Box 185<br>Horsham, PA 19044-0185 | Hillsborough County Board<br>Of County Commissioners<br>PO Box 310398<br>Tampa, FL 33680-0398 |
| Hillsborough County Tax Coll<br>P.O. Box 30012<br>Tampa, FL 33630-3012 | Hillsborough Public Utilitie<br>925 E. Twiggs Street<br>Tampa, FL 33602-3553 | Internal Revenue Service<br>Attn: Stephanie S. Armenia<br>3848 West Columbus Dr.<br>Tampa, FL 33607-5768 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | JOHNSON, POPE,BOKOR,RUPPEL<br>PO BOX 1368<br>Clearwater, FL 33757-1368 | Kimball Electronics<br>1205 Kimball Blvd<br>Jasper, IN 47546-0017 |
| Kimball Electronics<br>13750 Reptron Blvd<br>Tampa, FL 33626-3040 | L & N LABEL COMPANY, INC<br>2051 SUNNYDALE BLVD<br>Clearwater, FL 33765-1202 | Lipotec USA, Inc<br>1097 Yates Street<br>Lewisville, TX 75057-4829 |
| McMASTER-CARR SUPPLY COMPANY<br>PO BOX7690<br>Chicago, IL 60680-7690 | Me 2 Lease Funds, LLC<br>175 N. Patrick Blvd.<br>Suite 140<br>Brookfield, WI 53045-5811 | Microbio. Testing & Consulti<br>660 North Collins St.<br>Ste 1<br>Joliet, IL 60432-1855 |
| Modem Canna Science, LLC<br>806 W. Beacon Road<br>Lakeland, FL 33803-2847 | NATIONAL LIFE INSURANCE CO.<br>1 NATIONAL LIFE DRIVE<br>Montpelier, VT 05604-0002 | NexAir, LLC<br>930 S. Westwood Ave<br>Addison, IL 60101-4917 |
| PETER J. MOGREN<br>861 EAGLE RIDGE LANE<br>Stillwater, MN 55082-9171 | PRATER- STERLING<br>2 SAMMONS COURT<br>Bolingbrook, IL 60440-4995 | PRICE DONOGHUE RIDENOUR<br>29750 U.S. Hwy. 19 North<br>Clearwater, FL 33761-1510 |
| Pace Analytical Services, In<br>P.O. Box 684056<br>Chicago, IL 60695-4056 | Palm Harbor Insurance<br>1153 Aimonwood Drive<br>New Port Richey, FL 34655-7002 | Patrick White<br>12301 Little Road<br>Apt. 208<br>Hudson, FL 34667-2619 |
| Pest Boyz<br>4953 Larkenheath Drive<br>Spring Hill, FL 34609-0405 | Quill Corporation<br>PO Box37600<br>Philadelphia, PA 19101-0600 | RE. MclNTOSH<br>P.O. Box 16038<br>Tampa, FL 33687-6038 |

| | | |
|---|---|---|
| RIADA EQUIPMENT LTD, INC<br>16 Industry Lane<br>Winder, GA 30680-3489 | Reed Technology & Informatio<br>PO Box 7247-7518<br>Philadelphia, PA 19170-7518 | Richard Storfer, Esq.<br>101 NE Third Ave,<br>Suite 1800<br>Fort Lauderdale, FL 33301-1252 |
| SERVI-PAK<br>334 Cornelia St.<br>Suite# 143<br>Plattsburgh, NY 12901-2329 | SMITH, RICHARD<br>1747 Sprint Lane<br>Holiday, FL 34691-4636 | SPECTRUM CHEMICAL<br>Mfg. Corp<br>PO BOX 740894<br>Los Angeles, CA 90074-0894 |
| STRYKA BOTANICS CO., INC<br>279 Homestead Road<br>Metuchen, NJ 08840 | Scientech Laboratories<br>Accouts Receivable<br>107-G Corp. Blvd<br>South Plainfield, NJ 07080 | Sigma-Aldrich<br>po box 535182<br>Demorest, GA 30535 |
| Silliker, Inc<br>3155 Paysphere Circle<br>Chicago, IL 60674-0001 | Southern Analytical Lab, In<br>11 0 S. Bayview Blvd<br>Oldsmar, FL 34677 | Springwell<br>219 NEW STREET<br>Little Falls, NJ 07424-3329 |
| Stichter,Riedel,Blain &Posti<br>11 o East Madison Street<br>Tampa, FL 33602-4700 | Sun-Pac Manufacturing<br>14201 McCormick Dr<br>Tampa, FL 33626-3063 | Talon Industries<br>2300 Destiny Way<br>Odessa, FL 33556-4252 |
| UNIFORM CODE COUNCIL, INC.<br>P.O. BOX 713034<br>Columbus, OH 43271-3034 | UPS FREIGHT<br>P.O. BOX 650690<br>Dallas, TX 75265-0690 | UPS/UPS scs Dallas<br>UPS/UPS scs Dallas<br>Dallas, TX 75265-0690 |
| Universal Preserv-A-Chem, In<br>60 Jiffy Rd.<br>Somerset, NJ 08873-3438 | Unlimited Bottled Water, LLC<br>13401 Woodward Drive<br>Hudson, FL 34667-7207 | VDF FutureCeuticais, Inc.<br>#135237<br>P.O Box 92170<br>Elk Grove Village, IL 60009-2170 |
| VISTA COLOR CORPORATION<br>1401 NW 78th Avenue<br>Miami, FL 33126-1616 | (p)VERICORE LLC<br>10115 KINCEY AVENUE<br>SUITE 100<br>HUNTERSVILLE NC 28078-6482 | WC INDUSTRIES<br>PO BOX 45<br>Odessa, FL 33556-0045 |
| WEITZ, GENE C.<br>4964 QUILL COURT<br>Palm Harbor, FL 34685-3699 | WELLS FARGO CARD SERVICES<br>PO Box5284<br>Carol Stream, IL 60197-5284 | Waste Management of Tampa<br>PO Box4648<br>Carol Stream, IL 60197-4648 |
| United States Trustee - TPA +<br>Timberlake Annex, Suite 1200<br>501 E Polk Street<br>Tampa, FL 33602-3949 | Richard B Storfer +<br>Rice Pagatch Robinson & Schiller, P.A.<br>101 N.E. Third Avenue, Ste. 1800<br>Fort Lauderdale, FL 33301-1252 | Niurka Fernandez Asmer +<br>FL Legal Group<br>2700 W. Dr. MLK Jr. Blvd, Suite 400<br>Tampa, FL 33607-6356 |

Nathan A Wheatley +
Office of the U.S. Trustee
501 E. Polk St., Suite1200
Tampa, FL 33602-3945

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Centennial Bank
719 Harkrider Street
PO Box 966
Conway, AR 72032

Vericore, LLC
10115 Kincey Ave
Suite 100
Huntersville, NC 28078

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Agilent Technologies, Inc.

(u)Alcami Corp

(u)Associated Packaging

(u)John Hancock USA
P.O Box 7247-7122
AR 72477-1220

(u)Ray Zacek
Tax Consulting & Rep

End of Label Matrix
Mailable recipients    90
Bypassed recipients     5
Total                  95