**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov**

**SmartScience Laboratories, Inc.**
    **Debtor**　　　　　　　　　　　　　　　　　**Case No. 8:19-bk-08468-CPM**
　　　　　　　　　　　　　　　　　　　　　　　　**Chapter 11**

_____/

# EMERGENCY MOTION FOR TURNOVER OF BANK ACCOUNTS AND THE USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

### Statement of Exigent Circumstances

      The Debtor seeks to continue to operate its business, to preserve the value of the business, to preserve the estate and to facilitate a successful reorganization or other disposition. Without the immediate authorization to use cash collateral, the Debtor will not be able to meet current obligations or acquire goods and services necessary for their day-to-day operations. The Debtor believes that a hearing on this Motion is needed by September 11, 2019, in order for them to continue to operate the business for this purpose. Direct, immediate, and substantial harm will occur to the interest of an entity in property, to the bankruptcy estate, and to the debtor's ability to reorganize if the parties are not able to obtain an immediate resolution of any dispute.

    SmartScience Laboratories, Inc. (the "Debtor"), by and through undersigned counsel, pursuant to §§ 361, 362 and 363, and 542 or 543 and Fed. R. Bankr. P. 4001(b), 9014 and 9034(f), and Local Rule 2081-1(f)(1), files this *Debtors' Motion, Pursuant to 11 U.S.C. §§ 361, 362 and 363, and 542 or 543 and Fed. R. Bankr. Pr. Rules 4001(b) and 9014, and Local Rules, For the Entry of an Interim and Final Order for Turnover of Bank Accounts, Authorizing the Use of Cash Collateral and Granting Adequate Protection* (the "Motion") seeking entry of an order authorizing the use of cash, including cash collateral in which Centennial Bank, RIADA Equipment, and the Internal Revenue Services (the "Lenders") may claim an interest, and the granting of adequate protection.  In support of

this Motion, the Debtor relies upon the 14 day *budget* filed as Exhibit A hereto, and the 30- day budget attached as exhibit B, and respectfully represents as follows:

## I. Jurisdiction

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. § 1408.

## II. Background

2. On September 5, 2019 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11, title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

3. The Debtor is operating its business and managing its affairs as debtor in possession, U.S.C. §§ 1107(a) and 1108. No trustee, or examiner or committee has been appointed in this Chapter 11 case.

4. The Debtor believes that the value of the estate can be best realized through an orderly reorganization and disposition and through its immediate retention of possession of the property for management purposes.

5. The Lenders are Centennial Bank and the Internal Revenue Services (hereinafter referred to as ("IRS"), and RIADA Equipment. The budgets attached as composite exhibit A, evidence details of income, and necessary expenses for 14 days and 30 days.

6. Bank accounts frozen are:

**JP MORGAN CHASE**
**Business Checking Account ending in xxxx6093**
**Savings Account ending in xxxxx0261 (Used for payroll)**

### III Requested Relief and Basis Therefor

5. By this Motion, SMARTSCIENCE LABORATORIES, INC., the Debtor seeks the entry of an interim Order (the "Interim Order") authorizing, use of "Cash Collateral" (as that term is defined in Section 363(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code")). The filing of this Motion does not constitute an admission by the Debtors' that any of the Lenders hold valid liens on the Debtors' cash. The Debtors reserve the right to contest the validity, priority and extent of each Lenders' liens as well as the amount of each of the Lenders' claims.

6. Counsel for Debtor has spoken with Counsel with Creditors and attempted to agree to relief for this motion.

7. An immediate and critical need exists for the Debtors to be permitted access to Cash Collateral to continue to operate. Therefore, the Debtor seeks an preliminary hearing (the "Preliminary Hearing") in accordance with Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"). At the Preliminary Hearing, the Debtors will seek entry of an Interim Order, in compliance with the budgets attached (the "Budget") and in order to, *inter alia*, pay direct operating expenses, to preserve the value of their assets so as to avoid immediate and irreparable harm to their estates, and to afford the Debtors adequate time to negotiate and seek approval for additional cash collateral use, subject to and within the limits imposed by the Budgets.

8. By this Motion, the Debtor further seeks a final hearing (the "Final Hearing") on this Motion, to be held no less than fifteen (15) days from service of a notice of hearing on such Final Hearing, in accordance with Bankruptcy Rule 4001(b)(2) and (3).

9. The following Creditors may assert an interest in cash collateral: Centennial Bank, RIADA Equipment and the IRS.

10. To the extent that non--bankruptcy law provides that a creditor must be able to identify cash proceeds in order to maintain an interest in them, see U.C.C. § 9-306(2), which provides in part that a "security interest continues in *identifiable* proceeds including collections received by the debtor" (emphasis added), the Debtors reserve the right to contest whether the commingled cash constitutes cash collateral under § 363(a) of the Bankruptcy Code.

11. Debtor will use those proceeds to fund their post--petition operations in the ordinary course of business for those purposes and in those amounts set forth in the Budget.

12. Composite Exhibit A shows income a 14 day budget, pre-petition uncleared expenses, and a 30 day budget, including payroll.

13. Use of cash collateral is essential for the ongoing operation of the business and in the best interest of creditors and the Estate.

14. As adequate protection for the use of Cash Collateral the Debtors propose to grant the Lenders replacement liens on all post--petition property that is of the same nature and type of each Lenders' pre--petition collateral, payments of insurance, and later when the claims are clarified and allowed, cash payments: monthly payments at a reasonable interest rate.

15. Entry of the Interim Order will minimize disruption of the Debtors' business and permit the Debtors to meet payroll and other operating expenses and maintain vendor

support. The use of Cash Collateral sought herein is vital to avoid immediate and irreparable harm to the Debtors' estate.

16. Absent turnover and the use of the Cash Collateral, the Debtors' estates would not have the necessary funds to satisfy their obligations. Allowing the use of the Cash Collateral, therefore, is in the best interests of the Debtors' estate and creditors.

17. The terms of the proposed use of the Cash Collateral and adequate protection arrangements are fair and reasonable under the circumstances and reflect the Debtors' exercise of prudent business judgment.

18. The Debtors believe that the relief sought in this Motion is in the best interests of the Debtors, their estates and creditors, and that the entry of the Interim Order will, *inter alia*, allow for the continued operation of the Debtors' existing business for the purposes set forth above.

19. Upon entry of the Interim Order, the Debtors will serve a copy of the Interim Order on those parties identified on the parties interested and any other entities that the Court may direct.

**WHEREFORE**, the Debtor respectfully request that the Court: (i) Grant this Motion; (ii) enter the Interim Order in the form attached hereto as **Exhibit B**; (iii) schedule a final hearing on this Motion; and (iv) grant such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served upon all parties as indicated below, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the notice of electronic filing indicates that notice was electronically mailed to said party and by email on Lenders counsel.

By: /s/ Niurka Fernandez Asmer, Esquire
      NIURKA FERNANDEZ ASMER, ESQ.
      Florida Bar Number: 370680
      FL Legal Group
      2700 W. Dr. MLK, Jr. Blvd., Ste. 400
      Tampa, FL 33607
      Phone: (813) 221-9500
      E-Mail: NAsmer@FLLegalGroup.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:19-bk-08468-CPM<br>Middle District of Florida<br>Tampa<br>Tue Sep 10 15:00:29 EDT 2019 | Centennial Bank<br>c/o Richard B. Storfer<br>Rice Pugatch<br>101 NE 3rd Avenue<br>Suite 1800<br>Ft. Lauderdale, FL 33301-1252 | Smartscience Laboratories, Inc.<br>13760 Reptron Blvd,<br>Tampa, FL 33626-3040 |
| Altus GTS, Inc.<br>2400 Veterans Memorial Blvd.<br>Suite 300<br>Kenner, LA 70062-8725 | American Express<br>P.O. Box 6618<br>Omaha, NE 68106-0618 | At&T<br>PO Box 538695<br>Atlanta, GA 30353-8695 |
| Automation<br>Personnel Services<br>PO Box 830941<br>Birmingham, AL 35283-0941 | Bell Chem Corp.<br>1340 Bennett Drive<br>Longwood, FL 32750-7503 | Brian L. Besler<br>Sr. VP of Admin<br>Me 2 Lease Funds LLC<br>175 Patrick Blvd., Suite 140<br>Brookfield, WI 53045-5811 |
| Buchi Corp<br>PO BOX 822705<br>Philadelphia, PA 19182-2705 | (p)CENTENNIAL BANK ATTN SPECIAL ASSETS<br>P O BOX 1028<br>CABOT AR 72023-1028 | Citus Kalix<br>335 Chambersbrook Rd.<br>Somerville, NJ 08876-7213 |
| Cole-Parmer Instrument Co<br>13927 Collections Center Dr.<br>Chicago, IL 60693-0001 | Compressed Air Systems, Inc.<br>9303 Stannum Street<br>Tampa, FL 33619-2660 | Consumer Product Testing Co.<br>70 New Dutch Lane<br>Fairfield, NJ 07004-2514 |
| County Line Road Property, L<br>15488 N. Nebraska Ave<br>Lutz, FL 33549-6150 | D&S Pallets<br>PO BOX 18019<br>Clearwater, FL 33762-1019 | Dalemark Industries, Inc.<br>Excel Park 2<br>575 Prospect St.<br>Lakewood, NJ 08701-5040 |
| Darwin Chambers<br>2945 Washington Ave<br>Saint Louis, MO 63103-1305 | Department of Revenue<br>PO Box 6668<br>Tallahassee FL 32314-6668 | Dickson Company<br>930 S. Westwood Ave<br>Addison, IL 60101-4917 |
| Down Under Enterprises, Inc.<br>PO BOX 72184<br>Cleveland, OH 44192-2184 | Ductz of Tampa Bay<br>3055 47th Ave N.<br>Saint Petersburg, FL 33714-3133 | El Ray Development, Inc.<br>C/O N. Michael Kouskoutis, E<br>623 East Tarpon Avenue<br>Tarpon Springs, FL 34689-4201 |
| Electrical Masters by MJR<br>4418 N. Lauber Way<br>Tampa, FL 33614-7732 | Experchem Laboratories, Inc.<br>1111 Flint Rd., Unit 36<br>Downsview, ON M3J3C7 | Federal Express Corp<br>PO BOX 660481<br>Dallas, TX 75266-0481 |
| Florida Chemical Supply<br>6810 E. Chelsea Street<br>Tampa, FL 33610-5635 | Florida Retirement Consultan<br>5503 W. Waters Ave.<br>Suite 500<br>Tampa, FL 33634-1232 | Frontier Communications<br>PO BOX 740407<br>Cincinnati, OH 45274-0407 |

| | | |
|---|---|---|
| GRAINGER<br>fka Lab Safety Supply<br>DEPT 882537640<br>PO 419267<br>Kansas City, MO 64141-6267 | Gene Weitz & Lisa Weitz<br>4964 Quill Court<br>Palm Harbor, FL 34685-3699 | Global Pack Source<br>650 Bloomfield Ave,<br>Ste 102<br>Bloomfield, NJ 07003-2542 |
| Golden Eagle Extrusions<br>1762 State Road 131<br>Milford, OH 45150-2649 | Gottscho Printing Systems.In<br>P.O. Box 185<br>Horsham, PA 19044-0185 | Hillsborough County Board<br>Of County Commissioners<br>PO Box 310398<br>Tampa, FL 33680-0398 |
| Hillsborough County Tax Coll<br>P.O. Box 30012<br>Tampa, FL 33630-3012 | Hillsborough Public Utilitie<br>925 E. Twiggs Street<br>Tampa, FL 33602-3553 | Internal Revenue Service<br>Attn: Stephanie S. Armenia<br>3848 West Columbus Dr.<br>Tampa, FL 33607-5768 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | JOHNSON, POPE,BOKOR,RUPPEL<br>PO BOX 1368<br>Clearwater, FL 33757-1368 | Kimball Electronics<br>1205 Kimball Blvd<br>Jasper, IN 47546-0017 |
| Kimball Electronics<br>13750 Reptron Blvd<br>Tampa, FL 33626-3040 | L & N LABEL COMPANY, INC<br>2051 SUNNYDALE BLVD<br>Clearwater, FL 33765-1202 | Lipotec USA, Inc<br>1097 Yates Street<br>Lewisville, TX 75057-4829 |
| McMASTER-CARR SUPPLY COMPANY<br>PO BOX7690<br>Chicago, IL 60680-7690 | Me 2 Lease Funds, LLC<br>175 N. Patrick Blvd.<br>Suite 140<br>Brookfield, WI 53045-5811 | Microbio. Testing & Consulti<br>660 North Collins St.<br>Ste 1<br>Joliet, IL 60432-1855 |
| Modem Canna Science, LLC<br>806 W. Beacon Road<br>Lakeland, FL 33803-2847 | NATIONAL LIFE INSURANCE CO.<br>1 NATIONAL LIFE DRIVE<br>Montpelier, VT 05604-0002 | NexAir, LLC<br>930 S. Westwood Ave<br>Addison, IL 60101-4917 |
| PETER J. MOGREN<br>861 EAGLE RIDGE LANE<br>Stillwater, MN 55082-9171 | PRATER- STERLING<br>2 SAMMONS COURT<br>Bolingbrook, IL 60440-4995 | PRICE DONOGHUE RIDENOUR<br>29750 U.S. Hwy. 19 North<br>Clearwater, FL 33761-1510 |
| Pace Analytical Services, In<br>P.O. Box 684056<br>Chicago, IL 60695-4056 | Palm Harbor Insurance<br>1153 Aimonwood Drive<br>New Port Richey, FL 34655-7002 | Patrick White<br>12301 Little Road<br>Apt. 208<br>Hudson, FL 34667-2619 |
| Pest Boyz<br>4953 Larkenheath Drive<br>Spring Hill, FL 34609-0405 | Quill Corporation<br>PO Box37600<br>Philadelphia, PA 19101-0600 | RE. McINTOSH<br>P.O. Box 16038<br>Tampa, FL 33687-6038 |

| | | |
|---|---|---|
| RIADA EQUIPMENT LTD, INC<br>16 Industry Lane<br>Winder, GA 30680-3489 | Reed Technology & Informatio<br>PO Box 7247-7518<br>Philadelphia, PA 19170-7518 | Richard Storfer, Esq.<br>101 NE Third Ave,<br>Suite 1800<br>Fort Lauderdale, FL 33301-1252 |
| SERVI-PAK<br>334 Cornelia St.<br>Suite# 143<br>Plattsburgh, NY 12901-2329 | SMITH, RICHARD<br>1747 Sprint Lane<br>Holiday, FL 34691-4636 | SPECTRUM CHEMICAL<br>Mfg. Corp<br>PO BOX 740894<br>Los Angeles, CA 90074-0894 |
| STRYKA BOTANICS CO., INC<br>279 Homestead Road<br>Metuchen, NJ 08840 | Scientech Laboratories<br>Accouts Receivable<br>107-G Corp. Blvd<br>South Plainfield, NJ 07080 | Sigma-Aldrich<br>po box 535182<br>Demorest, GA 30535 |
| Silliker, Inc<br>3155 Paysphere Circle<br>Chicago, IL 60674-0001 | Southern Analytical Lab, In<br>11 0 S. Bayview Blvd<br>Oldsmar, FL 34677 | Springwell<br>219 NEW STREET<br>Little Falls, NJ 07424-3329 |
| Stichter,Riedel,Blain &Posti<br>11 o East Madison Street<br>Tampa, FL 33602-4700 | Sun-Pac Manufacturing<br>14201 McCormick Dr<br>Tampa, FL 33626-3063 | Talon Industries<br>2300 Destiny Way<br>Odessa, FL 33556-4252 |
| UNIFORM CODE COUNCIL, INC.<br>P.O. BOX 713034<br>Columbus, OH 43271-3034 | UPS FREIGHT<br>P.O. BOX 650690<br>Dallas, TX 75265-0690 | UPS/UPS scs Dallas<br>UPS/UPS scs Dallas<br>Dallas, TX 75265-0690 |
| Universal Preserv-A-Chem, In<br>60 Jiffy Rd.<br>Somerset, NJ 08873-3438 | Unlimited Bottled Water, LLC<br>13401 Woodward Drive<br>Hudson, FL 34667-7207 | VDF FutureCeuticais, Inc.<br>#135237<br>P.O Box 92170<br>Elk Grove Village, IL 60009-2170 |
| VISTA COLOR CORPORATION<br>1401 NW 78th Avenue<br>Miami, FL 33126-1616 | (p)VERICORE LLC<br>10115 KINCEY AVENUE<br>SUITE 100<br>HUNTERSVILLE NC 28078-6482 | WC INDUSTRIES<br>PO BOX 45<br>Odessa, FL 33556-0045 |
| WEITZ, GENE C.<br>4964 QUILL COURT<br>Palm Harbor, FL 34685-3699 | WELLS FARGO CARD SERVICES<br>PO Box5284<br>Carol Stream, IL 60197-5284 | Waste Management of Tampa<br>PO Box4648<br>Carol Stream, IL 60197-4648 |
| United States Trustee - TPA +<br>Timberlake Annex, Suite 1200<br>501 E Polk Street<br>Tampa, FL 33602-3949 | Richard B Storfer +<br>Rice Pagatch Robinson & Schiller, P.A.<br>101 N.E. Third Avenue, Ste. 1800<br>Fort Lauderdale, FL 33301-1252 | Niurka Fernandez Asmer +<br>FL Legal Group<br>2700 W. Dr. MLK Jr. Blvd, Suite 400<br>Tampa, FL 33607-6356 |

Nathan A Wheatley +
Office of the U.S. Trustee
501 E. Polk St., Suite1200
Tampa, FL 33602-3945

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Centennial Bank
719 Harkrider Street
PO Box 966
Conway, AR 72032

Vericore, LLC
10115 Kincey Ave
Suite 100
Huntersville, NC 28078

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Agilent Technologies, Inc.

(u)Alcami Corp

(u)Associated Packaging

(u)John Hancock USA
P.O Box 7247-7122
AR 72477-1220

(u)Ray Zacek
Tax Consulting & Rep

End of Label Matrix
Mailable recipients    90
Bypassed recipients     5
Total                  95

Exhibit "B"

# INTERIM ORDER (I) AUTHORIZING IN PART USE OF CASH COLLATERAL (II) GRANTING ADEQUATE PROTECTION AND TURNOVER AND (III) SCHEDULING FINAL HEARING

THIS MATTER came before the court on _____ at \_\_\_\_\_M, upon the *Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 361, 362 and 363 and 542 or 543 Fed.R.Bankr.P. 4001 and 9014, For an Interim and Final Order Authorizing the Use of Cash Collateral and Granting Adequate Protection and for Turnover* (the "Motion") (Doc  ) filed by the above-captioned debtor-in possession (the "Debtor"). The Motion seeks the entry of an interim order authorizing, on an emergency and limited basis, use of "Cash Collateral" (as that term is defined in Section 363(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code")), including the Cash On Hand (as defined in the Motion), and granting turnover and adequate protection to Lenders (collectively, the "Lenders"). The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief requested in the Motion is in the best interests of the Debtors, their estates and creditors. Proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary.

Accordingly, the Court ORDERS:

1. The Motion is GRANTED **in part**.
2. The Debtors are authorized to use Cash Collateral only on the terms and conditions set forth on the record at the hearing and in accordance with the budget attached hereto as Exhibit "A".
3. As adequate protection for the use of Cash Collateral, the Lender is granted a replacement lien on the all post-petition property of the Debtor that is of the same nature and type as Lender's pre-petition collateral.
4. Nothing in this Order shall constitute an adjudication of the validity, priority or extent of any Lender's liens, or the amount of Lender's claim.
5. Final hearing is set for_____. Any motions filed by
6. Lenders will also be considered at that same time.

# # #

Submitted by:
By: /s/ Niurka Fernandez Asmer, Esquire
    NIURKA FERNANDEZ ASMER, ESQ.
    Florida Bar Number: 370680
    FL Legal Group
    2700 W. Dr. MLK, Jr. Blvd., Ste. 400
    Tampa, FL 33607
    Phone: (813) 221-9500
    E-Mail: NAsmer@FLLegalGroup.com

Mrs. Asmer shall serve copies to all parties in interest by CMECF or mail

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

**SmartScience Laboratories, Inc.**
    **Debtor**                                          **Case No. 8:19-bk-08468-CPM**
                                                                  **Chapter 11**
_____/

**CERTIFICATION OF NECESSITY OF REQUEST FOR EMERGENCY HEARING**

      I HEREBY CERTIFY, as a member of the Bar of the Court, that I have carefully examined the matter under consideration and to the best of my knowledge, information and Belief formed after reasonable inquiry, all allegations are well grounded in fact and all contentions are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law can be made, that the matter under consideration is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation, direct, immediate, and substantial harm will occur to the interest of an entity in property, to the bankruptcy estate, or to the debtor's ability to reorganize if the parties are not able to obtain an immediate resolution of any dispute, and there is just cause to request a consideration of the following pleading on an emergency basis:

      I CERTIFY FURTHER that there is a true necessity for an emergency hearing, specifically, because the moving party, i.e., "the Debtor" seeks and requires a hearing as soon as possible for the following reasons**:**  Debtors bank accounts have been frozen by garnishing creditor since September 10, 2019, checks will bounce, a payroll is due for the period to September 15, 2019, and without its employees and Chemists, Debtor will not be able to achieve the ongoing operation of the business or reorganize.

      I CERTIFY FURTHER that the necessity of this emergency hearing has not been caused by a lack of due diligence on my part, but has been brought about only by circumstances beyond my control or that of my client. I further certify that this motion is filed with full understanding of F.R.B.P. 9011 and the consequences of noncompliance with same.

DATED this 10th day of September, 2019

By: /s/ Niurka Fernandez Asmer, Esquire
    NIURKA FERNANDEZ ASMER, ESQ.
    Florida Bar Number: 370680
    FL Legal Group
    2700 W. Dr. MLK, Jr. Blvd., Ste. 400
    Tampa, FL 33607
    Phone: (813) 221-9500
    E-Mail: NAsmer@FLLegalGroup.com